CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 0 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RUDOLPH LEE CRAWLEY, JR., ) <br> Plaintiff, ) | Civil Action No. 7:06-CV-00146 |
| v. ) | **MEMORANDUM OPINION** |
| MAJOR R.C. BALL, et al., ) <br> Defendants. ) | By: Samuel G. Wilson <br> United States District Judge |

Plaintiff Rudolph Lee Crawley, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants have failed to provide him with adequate dental treatment and food and are unconstitutionally charging him a daily fee for room and board. Crawley seeks $ 300,000.00 in damages. The court finds that Crawley's complaint fails to state a claim upon which relief can be granted; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Crawley alleges that he requested to have "some teeth pulled," but was advised that he would need to be examined by the institutional physician, defendant Dr. Wang, before a dental appointment would be scheduled. Crawley admits he was examined by Dr. Wang, but that Dr. Wang determined that Crawley's dental condition did not necessitate emergency dental care and declined to schedule an immediate appointment. Crawley also complains that the jail offers a minimal selection of foods, provides the inmates with no salt, pepper, or sugar with which to season their food, and often serves drinks which are diluted by melting ice. Crawley further laments that on Wednesday evenings prisoners are served "slop," which he believes to be the prison's way of encouraging inmates to purchase food items from the commissary. Finally, Crawley complains that he is being assessed a daily fee of $1.00 to cover the costs of room and

board while he is incarcerated at the jail. Crawley believes that this amounts to a fine and that tax payers and the state should be accountable for all costs associated with his incarceration.

## II.

An inmate is not entitled to unqualified access to health care, rather the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977); see also Estelle v. Gamble, 429 U.S. 97, 104 (1976)(finding that in order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need). Disagreements between an inmate and medical personnel over diagnosis or course of treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review; and mere malpractice or negligence in treatment does not constitute a claim of constitutional significance. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Estelle, 429 U.S. at 105-06. Crawley admits that in response to his request for dental extractions, Dr. Wang examined his teeth and determined that no extractions were necessary at this time. Thus, Crawley's claim that defendants have failed to provide him with dental care amounts to nothing more than a patient-doctor disagreement over diagnosis and treatment, which is not actionable under the Eighth Amendment.

## III.

Crawley's claims concerning his food are frivolous. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts

sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Mere allegations of insufficient food, absent any suggestion of deleterious effects, fail to state a claim under the Eighth Amendment See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993). Crawley does not allege that he has suffered any deleterious effects as a result of the allegedly inadequate food portions, selections, seasoning, or diluted beverages. Accordingly, the court finds that Crawley's claims related to the food he receives fail to present a claim of constitutional magnitude.

## IV.

The Fourth Circuit has expressly found that the imposition of a $1.00 per day room and board charge does not amount to a "punishment or fine" nor does the automatic deduction of this fee from an inmate's trust fund account constitute an unconstitutional interference with a property interest. Slade v. Hampton Road Regional Jail, 407 F.3d 243, 251-53 (4th Cir. 2005). Accordingly, Crawley's claims related to the daily charge assessed for room and board are not of a constitutional magnitude and, thus, are not cognizable under § 1983.

## III.

For the stated reasons, Crawley's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER**: This 20th day of March, 2006.

United States District Judge